1

2                                                                          O

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11                                        )    Case No.  CV10-8107-CAS
                                          )              CR08-980-CAS
12   UNITED STATES OF AMERICA             )
                                          )    **ORDER DENYING PETITIONER'S**
13                                        )    **MOTION TO VACATE, SET ASIDE,**
                        Plaintiff/Respondent, )    **OR CORRECT HIS SENTENCE**
14                                        )    **PURSUANT TO 28 U.S.C. § 2255**
     vs.                                  )
15                                        )
     HAEJOONG LEE                         )
16                                        )
                                          )
17                        Defendant/Petitioner.)
     ─────────────────────────────────── )
18

19

20   **I.    INTRODUCTION**

21          Defendant-Petitioner Haejoong Lee ("Lee") is currently serving a 48-month term

22   of imprisonment imposed by the Court based upon his guilty plea in <u>United States v.</u>

23   <u>Haejoong Lee</u>, CR No. 8-980-CAS.  On October 27, 2010, petitioner filed a motion for

24   relief pursuant to 28 U.S.C. § 2255 and a motion requesting to file a supplemental

25   memorandum of fact and law in support of the § 2255 motion.  Opp. At 1, citing CR 44-

26   45.  On November 17, 2010, petitioner filed a supplemental memorandum of fact and

27   law in support of his § 2255 motion.  <u>Id.</u>, citing CR 47.  The government filed an

28   opposition to petitioner's motion on April 14, 2011.

Petitioner alleges that his defense counsel provided ineffective assistance by failing to argue during plea negotiations and sentencing that there was an error in his criminal history determination and by failing to file a notice of appeal on this point. Opp. at 2, citing CR 44-47.  Having carefully considered both parties' arguments, the Court finds as follows.

## II.    BACKGROUND

The dispute at issue in this motion concerns the relationship of two cases in which the petitioner was found guilty of fraud.

### A.    State Court Action

First, on July 25, 2008, in an action in state court, petitioner was convicted of bank and mail fraud, and received a seven month sentence.  Opp. at 4, citing PSR ¶¶ 47-49.  The state case involved a home equity line of credit ("HELOC") fraud scheme involving a different property in Los Angeles from one in the subsequent federal action. The property was held in the name of the petitioner's co-defendant in the state action, Sang Park.  Id.

### B.    Federal Court Action

On April 30, 2009, petitioner pled guilty in this Court to bank and mail fraud. The charges centered around petitioner's August 2007 purchase of a property located in Los Angeles, California and five loans and HELOCs to be secured by second liens on the property that he improperly sought concurrently from financial institutions.  Opp. at 2, citing CR 30.  In his amended plea agreement, petitioner admitted to obtaining the proceeds from those loans and HELOCs, transferring them into a bank account, and withdrawing cash or purchasing cashier's checks in other people's name from the available HELOCs.  Id.  The activities for which Lee was convicted in the federal action took place before those considered in the state action.  Id.

The Presentence Investigation Report for the federal case calculated a total offense level of 24 and a criminal history category of II.  Opp. at 3, citing PSR ¶¶ 26-

42, 50.  Petitioner was determined to be in criminal history category II based on his prior state conviction.  The government requested that the petitioner receive a sentence of 57 months imprisonment and a three-year term of supervised release, and be ordered to pay $1,571,215.60 in restitution and a $200 special assessment.  Opp. at 4.  During the sentencing, defense counsel did not explicitly argue that petitioner's criminal history category was incorrect.  Id.  Defense counsel did note that the state case conviction was for a fraud committed after the one charged in the federal case, and thus, his client was not a recidivist as indicated in the sentencing recommendation letter.  Id. at 5, citing 10/5/09 RT 6-8.  The Court stated that it did take into consideration the fact that "the conduct giving rise to the federal charges preceded [sic] the conduct giving rise to the state charges and possibly they could have been treated at the same time."  Id. at 6, citing 10/5/09 RT 21-22.  In light of that finding, the court imposed a sentence of 48 months rather than the 57 months recommended by the government.  Id.  The court advised the petitioner that "to the extent you have any right to appeal, you must do so within 10 days," and petitioner acknowledged understanding his right to appeal.  Id. at 7.

Petitioner now contends that his sentence in the underlying federal action must be vacated or corrected because he was deprived of his Sixth Amendment right to effective assistance of counsel during plea negotiations, sentencing, and on direct appeal.  Mot. at 1-2. Petitioner specifically alleges that counsel did not argue that his prior conviction should be considered as part of the instant offense, and as such he should be placed in Criminal History Category I, instead of Category II, for sentencing purposes.  Mot. at 2. He also claims that counsel failed to follow his request to file a notice to appeal the judgment.  Id.

## III.   LEGAL STANDARD

A motion pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Section 2255 provides that the Court shall conduct a hearing on a motion filed thereunder "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief." Rule 8 of the Rules Governing § 2255 Proceedings provides that:

> [i]f the motion has not been dismissed at a previous stage in the
> proceeding, the judge, after the answer is filed and any transcripts or
> records of prior court actions in the matter are in his possession, shall,
> upon a review of those proceedings and of the expanded record, if any,
> determine whether an evidentiary hearing is required. If it appears that an
> evidentiary hearing is not required, the judge shall make such disposition
> of the motion as justice dictates.

The decision whether to hold a hearing is "committed to the court's discretion," and § 2255 "requires only that the judge give the prisoner's claim careful consideration and plenary processing, including a full opportunity for presentation of the relevant facts." Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (citation and internal quotation marks omitted).

A petitioner arguing ineffective assistance of counsel under the Sixth Amendment must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington, 466 U.S. 668, 688, 695 (1984)). To meet the first requirement, a petitioner must show that counsel's representation were not reasonable under prevailing professional norms. Strickland, 466 U.S. at 688. There is a heavy burden associated with this requirement, as there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To meet the

second requirement, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Essentially, the moving party must affirmatively prove that the result would have been more favorable to the petitioning petitioner had counsel acted differently.  Id.; see also Syers v. Schriro, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008) ("Generally, a petitioner claiming ineffective assistance of counsel for failure to file a particular motion must not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome in the entire case.").

## IV.   DISCUSSION

Petitioner argues that his prior conviction should not have been considered in calculating his criminal history because it was part of the same offense as the one at issue in the underlying federal action.  Mot. at 5.  According to U.S.S.G. § 4A1.2(a), "the term 'prior sentence' means any sentence previously imposed upon adjudication of guilt ... *for conduct not part of the instant offense*."  U.S.S.G. § 4A1.2(a) (emphasis added).  "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1B1.3."  U.S.S.G. § 4A1.2 n.1. According to U.S.S.G. § 1B1.3(a)(2), conduct is considered to be relevant conduct to the instant offense if it constitutes part of the same course of conduct or common scheme or plan.  Mot. at 5, citing U.S.S.G. § 1B1.3(a)(2).

Petitioner argues that his state court conviction was part of the same course of conduct as the underlying federal crime.  Mot. at 6.  An offense is considered to be part of the same course of conduct as a subsequent offense if the two offenses "are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses.  Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the

time interval between the offenses." Mot. at 6, citing U.S.S.G. § 1B1.3, n.(B). Petitioner claims that the two offenses are sufficiently connected because they both involve the same offense (bank fraud) and were only separated by a few months. Id. Therefore, he argues that the state case should be deemed to be part of the underlying action for sentencing purposes. Id.

Alternatively, petitioner claims that the conduct for which he was convicted in state court was part of the same common scheme as the underlying federal crime. Mot. at 5. "For two ... offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." Mot. at 5, citing U.S.S.G. § 1.B1.3, n.9(A). Petitioner argues that his conduct in both cases involved common accomplices and a common purpose; therefore, it should be considered part of the same common scheme as the offense underlying his federal sentence. Mot. at 6. As such, it should be considered to be part of the same crime for sentencing purposes. Id.

Petitioner contends that his counsel's inability to argue the appropriate criminal history level passes the first prong of the Strickland test because it fell below reasonable attorney conduct. Id. Petitioner further alleges that he requested for his counsel to file an appeal to his criminal history determination; however, his attorney never did. Id., citing Add. #3 Petitioner claims that the failure of his counsel to file an appeal also falls below reasonable attorney conduct. Id. at 8, citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

Petitioner further contends that his counsel's actions prejudiced him, and therefore satisfy the second prong of the Strickland test. Mot. at 8. Petitioner was sentenced to 48 months for the underlying federal crime, nine months less than the

///

///

///

6

1
2
3
4
5
6

sentencing range for Offense Level 24, Criminal Category II. Sent. Tr. At 22.[1] Petitioner acknowledges that the sentence is also three months less than the sentencing range for Offense Level 24, Criminal Category I. Mot. at 9.[2] Petitioner contends than because he was given a shorter sentence that the incorrectly proposed range for Criminal Category II, he would have received an even shorter sentence if the Criminal Category had been properly decided. Id.

7
8
9
10
11
12
13
14

Petitioner further asserts that he is entitled to an evidentiary hearing. Id. Section 2255 states that a petitioner is entitled to an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief." 28 U.S.C. § 2255. Further, an evidentiary hearing is "usually required if the motion states a claim based on matters outside of the record." Mot. at 11, citing United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Petitioner argues that an evidentiary hearing is needed because counsel's reasons for not filing an appeal to the petitioner's sentencing are not found in the record. Id.[3]

15
16
17
18
19

The government contends that petitioner's § 2255 claim fails because petitioner has not shown that his counsel's performance was deficient, nor has he demonstrated any prejudice. Opp. at 8. First, the government argues that defense counsel's failure to challenge the petitioner's criminal history category did not constitute deficient conduct because it could be reasonably argued that the categorization was correct. Id. At 11.

20
21
22
23

[1] The 2009 Sentencing Guidelines Range for Offense Level 24, Criminal Category II is 57 - 71 months. U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A, Sentencing Table (2009).

24
25

[2] The 2009 Sentencing Guidelines Range for Offense Level 24, Criminal Category I is 51 - 63 months. U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A, Sentencing Table (2009).

26
27
28

[3] In his Reply and Opposition to the Government's Request for an Evidentiary Hearing petitioner states that he waives his right to an evidentiary hearing because he believes it will not be able to be held before he has served his full sentence. Reply and Opp. at 1-2. Petitioner's sentence will end on August 22, 2011. Reply and Opp. at 1.

The government argues that petitioner's state crime is distinguishable from his federal crime.  Id.  The properties at issue in each case were different.  Id.  The properties were purchased under different names.  Id.  The state crime took place months after the federal crime and did not involve the same banks or victims.  Id.  The government argues, that in light of these differentiating facts, it would be reasonable for defense counsel to conclude that the state case was not relevant conduct.  Id.  Therefore, the government asserts that petitioner does not overcome the high burden needed to demonstrate that counsel acted deficiently.  Id. at 12.

Moreover, the government contends that defense counsel did in fact argue that defendant's prior state conviction should be taken into consideration during sentencing.  Opp. at 12.  At defendant's sentencing, defense counsel pointed out that the sentencing recommendation letter was wrong to conclude that defendant was a recidivist.  Id.  Defense counsel also argued that the state case could have been tried as part of the federal case.  Id.  The government contends that although neither of these arguments were explicit challenges to petitioner's criminal history calculation, they make the same point, i.e., that the criminal conduct in both cases should be viewed as a whole.  Id.  The government argues that defense counsel's overall performance was more than sufficient.  Id.  In fact, the government alleges that defense counsel's argument at sentencing regarding defendant's prior state conviction resulted in defendant receiving a lower sentence that the Court was initially inclined to give.  Id.

Second, the government argues that the defendant cannot establish that his counsel's performance caused him any prejudice.  Id.  The government contends that the consideration of the two actions as a single offense would raise the total loss amount used to calculate the total offense level by $1 million.  Id. at 13.  As a result, the total offense level would be raised from 24 to 26.  Id.  The sentencing guidelines

///

///

///

recommend 63-78 months for a total offense level of 26 and a criminal history of I.[4]  Id. The government contends that because the defense counsel's failure to argue that the two cases are part of the same offense potentially saved petitioner from a significantly higher sentence, his performance was not prejudicial.  Id.

Petitioner disputes this contention, and argues that although the entire dollar amount of the state fraud for which he was convicted of was over $1 million, his participation in the state action was confined to a loss of $312,000.  Reply and Opp. at 3.  According to U.S.S.G. § 1B1.3 Application Note 2, "because a count may be worded broadly and include the conduct of many participants over a period of time, the scope of the criminal activity jointly undertaken by the defendant ... is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant."  U.S.S.G. § 1B1.3 n. 2.  Therefore, petitioner argues, because the addition of his state conduct would not raise the amount of loss by $1 million, but rather by $312,000, his total offense level would remain 24.  Reply and Opp. at 3.  As such, the recommended sentencing range would be 51-63 months.

The Ninth Circuit has held that it is ineffective assistance of counsel for an attorney to refuse to file a notice of appeal when their client tells them to, even if the appeal is harmful to their client. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005).  When such a claim is raised, the Ninth Circuit holds that the district court can (1) hold an evidentiary hearing to determine whether the allegation is true (and if so, vacate and reenter judgment, allowing appeal to go forward) or (2) if the government does not object, vacate and reenter the judgment without a hearing and allow the appeal to proceed, without determining the truth of the defendant's claim.  Id. at 1198.  The government objects and believes an evidentiary hearing, with defense counsel in attendance, should be held.  Opp. at 16.  Petitioner states that he wishes to

---

[4]The range for total offense level of 24, and criminal history category of II, by which the petitioner was sentenced is 57-71 months.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

waive his right to an evidentiary hearing because he believes it will not be able to be held before he has served his full sentence.  Reply and Opp. at 1-2.

The Court finds that an evidentiary hearing is necessary to determine the validity of petitioner's claim with respect to the alleged failure of his attorney to file an appeal. The Court does not read petitioner's request to waive the hearing as a waiver of his ineffective assistance of counsel claim on this theory.  Therefore, absent such a waiver an evidentiary hearing is required.

The Court finds that the defendant was not prejudiced by his attorney's failure to argue that his criminal history category was incorrectly determined.  The Court specifically stated when deciding petitioner's sentence that it took into account the fact that the two cases could have been tried as one federal case.  Further, petitioner acknowledges that the sentence he received is three months less than the recommended sentence in the sentencing guidelines for the offense level and criminal history that he claims should have been used. <u>Jeffery v. U.S.</u> 2010 WL 4942522, *3 (N.D. Cal. Nov, 24, 2010) (holding that there was no prejudice under <u>Strickland</u> when movant's sentence was already below the guidelines, and would not have been lower if the sentencing error would have been corrected).   Therefore, defendant was not prejudiced by his attorney's failure to argue that his state crime should be considered part of the same offense as his federal crime.  As such, counsel's actions do not pass the <u>Strickland</u> test.  Moreover, it is not clear that the petitioner's counsel's error falls below reasonable attorney conduct.

For the reasons set forth above the Court DENIES petitioner's motion for habeas relief pursuant to 28 U.S.C. § 2255 to the extent that it is based on the theory that his attorney failed to argue that his prior state action should be considered part of the underlying federal case for sentencing purposes.  The Court sets an evidentiary hearing

///

///

to be held at noon on August 29, 2011, to determine the validity of petitioner's claim that his attorney ignored his request to appeal from the Court's sentence.

IT IS SO ORDERED.

Dated: August 2, 2011

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

11